J-S34019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICCHEEM A. BARKER | |
| Appellant | No. 1559 MDA 2014 |

Appeal from the PCRA Order September 8, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001996-2009

*************************************************************

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICCHEEM A. BARKER | |
| Appellant | No. 1560 MDA 2014 |

Appeal from the PCRA Order September 8, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001995-2009

BEFORE:  BOWES, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED JUNE 30, 2015**

Riccheem A. Barker appeals *pro se* from the order entered September

8, 2014, in the Court of Common Pleas of Lycoming County that dismissed

his second petition filed pursuant to the Post Conviction Relief Act (PCRA)[1].

Barker claims that the PCRA court erred by dismissing his PCRA petition as

untimely filed. Based upon the following, we affirm.

The PCRA court set forth the relevant procedural history in its opinion.

> On September 8, 2010, [Barker] pled guilty to Third Degree Murder,[1] Persons Not to Possess a Firearm,[2] and Possession with the Intent to Deliver a Controlled Substance.[3] On September 8, 2010, the Court imposed an aggregate sentence of twenty (20) to fifty (50) years. [Barker] did not file an appeal to the Superior Court. On June 24, 2014, [Barker] filed a Post-Conviction Relief Act (PCRA) Petition. The petition is postmarked June 23, 2014. The petition is [Barker's] second PCRA petition. In the petition, [Barker] argues that as a result of the decision of the Supreme Court of the United States in <u>Alleyne v. United States</u>,[4] his rights under the Sixth Amendment to the United States Constitution were violated because the Court utilized a mandatory minimum when fashioning the sentence imposed.
>
> _____
>
> [1] 18 Pa.C.S. § 2502(c).
>
> [2] 18 Pa.C.S. § 6105(a)(1).
>
> [3] 35 P.S. § 780-113(a)(30).
>
> [4] 133 S.Ct. 2151 (2013).

_____

PCRA Court Opinion, 7/09/2014, at 1.

Our standard of review is as follows:

_____

[1] 42 Pa.C.S. §§ 9541-9546. Barker filed his first PCRA petition on July 12, 2011. The PCRA court denied relief and this Court affirmed the decision of the PCRA court. **Commonwealth v. Barker**, 102 A.3d 524 (Pa. Super. 2014) (unpublished memorandum).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013) (citation omitted). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of petition. *Id.* at 651.

Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. *See Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *Id.* (quoting 42 Pa.C.S.A. § 9545(b)(2)). The timeliness requirement of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157, 1161 (Pa. 2003).

*Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa. Super. 2012).

Barker does not dispute that his present PCRA petition is facially untimely. He claims, however, that his petition falls within a statutory

exception to the PCRA's time bar.[2]  In this regard, Barker cites the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (June 17, 2013), and relies upon the PCRA's exception for newly discovered facts.  42 Pa.C.S. § 9545(b)(ii).  We conclude, however, no relief is due.

In **Alleyne v. United States**, 133 U.S. 2151 (2013), the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for

_____

[2] The relevant exceptions to the PCRA time bar are set forth in Section 9545(b)(1), as follows:

(b) Time for filing petition

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

* * * *

**(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or**

**(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held that court to apply retroactively**

**(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.**

42 Pa.C.S. § 9545(b)(1)(ii)-(iii), (b)(2) (emphasis supplied).

- 4 -

a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. Applying this mandate, this Court has held that *Alleyne* renders unconstitutional mandatory minimum sentencing statutes that permit the trial court to increase a defendant's minimum based upon a preponderance of the evidence standard. *See Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (finding 42 Pa.C.S. § 9712.1 unconstitutional).

In this case, Barker avers:

> [T]he material fact presented is that his mandatory minimum sentence of five (5) years got [sic] Possession with the Intent to Deliver a Controlled Substance under 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. [sic] 7508, and Person not to Possess a Firearm under 18 Pa.C.S.A. § 6105(a)(1), based upon the fact that [Barker] possessed heroin with an intent to deliver and possessed a firearm, during the commission of the drug offense and homicide offense was not determined by a jury, to have been proven beyond a reasonable doubt.

Barker's Objection to July 9, 2014, Opinion and Order to Dismiss, 8/4/2014, at 1, ¶ 1 (emphasis omitted).

Barker's petition does not satisfy any exceptions to the PCRA's one-year time limitation. "Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013). Therefore, *Alleyne*, a judicial decision, is not a "fact" that satisfies Section 9545(b)(1)(ii).

Moreover, while not specifically raised by Barker, we note that this Court, in *Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014),

confirmed that a PCRA petitioner may **not** rely upon the decision of the Supreme Court of the United States in **Alleyne** to avail himself of the exception to the time requirements of the PCRA codified at § 9545(b)(1)(iii). In **Miller**, a panel of this Court concluded that **Alleyne** was an extension of the line of cases beginning with **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and further that:

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable in those cases. Therefore, Appellant has failed to satisfy the new constitutional right exception to the time bar.

**Miller**, 102 A.3d at 995 (citations omitted) (footnote omitted).[3]

Furthermore, as the PCRA court correctly pointed out, even if Barker's arguments satisfied an exception, his petition would still be untimely. Section 9545(b)(2) requires a PCRA petition raising an exception to "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). **Alleyne** was decided on June 17, 2013, and Barker did not

---

[3] Although Barker cites **Commonwealth v. Newman**, **supra**, for the proposition that **Alleyne** applies retroactively, his reliance is misplaced. **See** Barker's Brief, at 2. **Newman** held that **Alleyne** is to be given retroactive effect to **cases that were pending on direct appeal** at the time the decision in **Alleyne** was issued.

file his petition until June 23, 2014, over one year after the decision.

Although Barker maintains that he filed his petition within 60 days of a local

newspaper article wherein he learned of the **Alleyne** decision, this Court has

explained:

> [T]he sixty-day period begins to run upon the date of the underlying judicial decision. Ignorance of the law does not excuse [a petitioner's] failure to file his petition within the 60 days …. Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law.

**Brandon**, **supra**, 51 A.3d at 235 (Pa. Super. 2012) (quotations and

citations omitted).

As Barker's PCRA petition is time-barred, in that he is unable to

demonstrate the applicability of a statutory exception to the time

requirements of the PCRA, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2015